Argued January 4, reversed January 31, rehearing denied March 6, 1928.

## R. H. BOND *v.* U. C. COE.

(263 Pac. 924.)

**Licenses — Sale of Certificates, Transferring Unit of Interest in Syndicate, Held Within Terms of Blue Sky Law (Or. L., §§ 6834–6854, as Amended by Laws 1921, pp. 316, 790).**

Sale, by defendant as trustee, of certificates, transferring units of interest in syndicate, entitling holder to participate in all profits earned by syndicate, *held* within terms of Blue Sky Law (Or. L., §§ 6834–6854, as amended by Laws 1921, pp. 316, 790), and, seller not having complied with terms of statute, buyer could rescind the contract and recover sum paid.

---

Licenses, 37 C. J., p. 275, n. 13, p. 277, n. 43, 45 New, p. 278, n. 59 New.

From Multnomah: LOUIS P. HEWITT, Judge.

Department 2.

This is a proceeding in equity, whereby plaintiff seeks to rescind four certain contracts of sale and purchase of securities issued by the defendant as trustee of the Coe Drilling Syndicate, and sold and delivered by him to this plaintiff for the consideration of $750. Plaintiff bases his complaint upon the alleged fraudulent representations of defendant and his agents and the alleged violation of the provisions

of the Blue Sky Law of Oregon. From an adverse decision, plaintiff appeals.

REVERSED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Mr. W. Lair Thompson* and *Mr. Ralph H. King,* with an oral argument by *Mr. King.*

BROWN, J.—The Blue Sky Law is an act requiring an inspection of any "securities" sold or offered for sale within the State of Oregon by any "dealer," and the further inspection of the business of "such person, partnership, corporation or association," in order to prevent fraud in the sale and distribution of such "securities." For violation thereof a penalty is provided. See Or. L., §§ 6834–6854, incl., as amended by Gen. Laws of Or. 1921, Chap. 168 and Chap. 400.

For form of securities and declaration of trust involved in this case, see the companion case of *Pennicard* v. *Coe, ante,* p. 423 (263 Pac. 920).

It is unnecessary to consider what might have been the effect of the conduct of the defendant by way of estoppel, if the transactions involving the sale of the securities by defendant to plaintiff had not been in violation of law. Therefore, we do not enter into that phase of the case.

The defendant denied the averments of fraud, and in his brief stated:

"The underlying and fundamental question is whether the contracts in question were void under the provisions of the Blue Sky Law."

In that statement we concur. However, in the court below and in his pleadings defendant makes the defense of ratification.

The sale of the securities in question comes clearly within the terms of the Blue Sky Law, as amended. See *State* v. *Whiteaker*, 118 Or. 656 (247 Pac. 1077), and the authorities cited in companion cases of *Pennicard* v. *Coe* and *Moe* v. *Coe.* Supplementing the cases there cited, we quote the following from 5 Fletcher, Cyclopedia, Corporations, § 3486:

"Stock issued without authority and in violation of law is void, and confers no rights on the person to whom it is issued and subjects him to no liabilities. A contract to issue stock in violation of the provisions of the Constitution or of the statute will not be enforced by the courts, nor can damages be recovered for its breach. A person may rescind his contract to subscribe for or purchase such stock and recover back what he had paid for it, upon a tender back or surrender of the certificate, and of any dividends which he has received; or he may set up the illegality of the stock as a defense to an action by the corporation on his subscription. And since such a contract is illegal and void, it is incapable of ratification."

For the reasons set forth herein and in the companion cases, we are impelled to reverse and set aside the decision of the lower court and enter a decree herein for the rescission of the alleged contracts and for the restoration to plaintiff of the sum of $750 paid by him for the certificates issued by the defendant as trustee of the Coe Drilling Syndicate.

Neither party will recover costs.

REVERSED AND DECREE ENTERED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.